## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



|  |  |  |
|---|---|---|
| **BROWN RUDNICK LLP**, | ) | |
| 1900 N Street NW, Fourth Floor | ) | |
| Washington, D.C. 20036 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JANE DOE,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Brown Rudnick LLP ("Brown Rudnick"), by and through its undersigned counsel, hereby asserts claims against defendant ████████████████████████, sued under the pseudonym "John Doe," and nominal defendant ████████████████, sued under the pseudonym "Jane Doe"[1] for account stated, breach of contract, quantum meruit, unjust enrichment, and promissory estoppel, stating as follows:

---

[1]  To protect its former clients' confidences, Brown Rudnick is seeking permission to keep Defendants' identities confidential.  Brown Rudnick is filing, simultaneously with this Complaint, a motion to partially seal this Complaint and Summons and for permission to use a pseudonym when referencing Defendants.

## **INTRODUCTION**

1.      Brown Rudnick brings this action to collect approximately $3 million in legal fees that Defendant ██████ has failed to pay Brown Rudnick.  Brown Rudnick has provided ██ ██ with substantial legal services in connection with multiple ██ arbitrations and related federal court proceedings.  However, the majority of Brown Rudnick's bills remain unpaid.

2.      Brown Rudnick worked tirelessly on ██████ behalf, ██████████████ on three separate actions that concerned ██████ ██████████████ ██████████ The firm prepared pleadings, conducted written and oral discovery, prepared and responded to dozens of motions concerning discovery disputes, preliminary injunctions and dispositive motions, argued before multiple ██ arbitrators and federal court judges, and conducted an in-person, five-day ██ arbitration hearing.

3.      ██████████████████████████ ██████████████████.

4.      However, ██████ has not met his end of the bargain, failing to pay his legal bills in full or on time.  When ██████ fell behind on his payments, Brown Rudnick generously offered him a monthly payment plan that gave him more time to pay his bills. ██████ ██████████████████████ ██████████████.

5.      However, after making several monthly payments, ██████ stopped paying in December 2024.  Brown Rudnick then provided ██████ with multiple opportunities to cure his breach of the payment plan before it was forced to withdraw as counsel and initiate this action.

6.      Brown Rudnick now seeks to recover its unpaid fees and expenses.

## THE PARTIES

7.    Plaintiff Brown Rudnick is a law firm organized as a Massachusetts Limited Liability Partnership with a principal place of business at One Financial Center, Boston, MA 02111 and an office at 1900 N Street NW, Fourth Floor, Washington, D.C., 20036.

8.    Defendant ████ is an individual who is domiciled in ████████ and ████ ████████████████████ .

9.    Nominal Defendant ████████ is an individual who is domiciled in ████████ and, upon information and belief, ████████████████ .  Brown Rudnick includes ████ ████████ as a nominal defendant because ████████████████ over which Brown Rudnick seeks a charging lien because, as alleged below, ████████████████ ████████████████ . ████████ therefore, may be considered a required party under Federal Rule of Civil Procedure 19(a) because █ absence could impede the Court's ability to provide complete relief.  As ████████████████████████ ████████████████ inclusion as a nominal defendant is necessary to ensure that █ rights and interests are duly considered.

## JURISDICTION

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants are citizens of ████████ .[2]  Brown Rudnick is a citizen of Washington, D.C., Massachusetts, and numerous other states where its equity partners reside.  "For purposes of diversity jurisdiction, limited liability partnerships take on the citizenship of each partner." *Nader v. Latham & Watkins*, No. CV 23-2520 (RDM), 2025 WL 517641, at \*5 (D.D.C. Feb. 18, 2025) (citing *C.T. Carden v.*

---

[2]    Per 28 U.S.C. § 1332(e), ████████████████████████████████ ████████████████████████████ ."

*Arkoma Associates*, 494 U.S. 185, 195–96 (1990)). None of Brown Rudnick's equity partners are residents of ▇▇▇▇▇▇, thus establishing complete diversity.

11. The amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over Defendants because Brown Rudnick and Defendants agreed in their engagement letters that disputes "will be exclusively brought in a state or federal court located in the Specified State and you and we each agree that any such court has, and may exercise, personal jurisdiction over each of you and us in any such action." The engagement letters define the "Specified State" as the District of Columbia.

13. Further, the claims pled here arise from Plaintiff's representation of ▇▇▇▇▇▇ in multiple legal actions, including one federal court action filed in the District of Columbia.

14. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff and Defendants agreed that disputes "will be exclusively brought in a state or federal court located in the Specified State," which the parties agreed was the District of Columbia.

## FACTUAL ALLEGATIONS

A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇

18. ███████████████████████████████████████████

████████████████████████████████████████.³

**B.** ███████ **Hires Brown Rudnick to Represent Him in Multiple Matters**

19. ███████████████, ██████████████████████████████

███████████████████████████████████████ in the

District Court for the District of Columbia, ██████████████████████

██████ (the "D.D.C. Action").

20. On or about September 12, 2023, ██████████ and ██████████ retained Brown

Rudnick to represent them in the D.D.C. Action, as memorialized in an engagement agreement,

dated September 12, 2023 (the "D.D.C. Action Engagement Agreement"). In that engagement

agreement, ██████████ agreed to compensate Brown Rudnick for its legal services on an hourly

fee basis, as well as reimburse the firm's costs in representing them.

21. In reliance on that engagement letter, on or about ██████████████, Brown

Rudnick attorneys entered appearances in the D.D.C. Action on Defendants' behalf.

22. Later in 2023, ██████████ expanded Brown Rudnick's scope ████████████████

████████████████████████████████████████████.

23. On or about December 12, 2023, ██████████ engaged Brown Rudnick to take over

an ongoing ██████ arbitration captioned: ██████████████████████████████

███████████████████████████████████████ (the "███

Arbitration"). ██████████ and Brown Rudnick executed a second engagement agreement,

---

³ ██████████████████████████████████████████████████
████████████████████████████████████

governing Brown Rudnick's representation of ██████ in the ████ Arbitration (the "████

Arbitration Engagement Agreement").

24.    In general, the ████ Arbitration involved a dispute over ██████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

25.    Brown Rudnick agreed to represent ██████ in the ████ Arbitration, and ████

████ agreed to compensate Brown Rudnick for its legal services on an hourly fee basis, as well

as reimburse the firm's costs in representing him.  In reliance on that agreement, Brown Rudnick

entered appearances in the ████ Arbitration to replace ██████ existing counsel.

26.    On or about December 14, 2023, ██████ also engaged Brown Rudnick to take

over another ongoing ████ arbitration captioned: ███████████████████

██████████████, before ██████████████████ (the "██████

Arbitration").  ██████ and Brown Rudnick executed a third engagement agreement, governing

Brown Rudnick's representation of ██████ in the ██████ Arbitration (the "████

Arbitration Engagement Agreement").

27.    In general, the ██████ Arbitration involved ██████████████

███████████████████████████████████████████████



28.    In the ████████ Arbitration, ████████ and Brown Rudnick agreed to a hybrid billing arrangement. ███████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████. In reliance on that agreement, Brown Rudnick entered appearances in the ████████ Arbitration to replace ████████ existing counsel.

29.    In each of his three engagement letters with Brown Rudnick, ████████ agreed that the firm could charge interest at an annual rate of 9% on any unpaid bills. Brown Rudnick and Defendants agreed that any dispute arising from Brown Rudnick's representations would be governed by the law of the District of Columbia, that disputes between the parties would be exclusively litigated in any court in the District of Columbia, and that the parties agreed to submit to the personal jurisdiction of any court in the District of Columbia.

**C.    Brown Rudnick Worked Tirelessly on ████████ Behalf**

30.    Brown Rudnick worked diligently on ████████ behalf, ███████████████████ ███████████████████████████████████████████████

31.    Though Defendants initially engaged Brown Rudnick in September 2023 to represent them in the D.D.C. Action, ████████ more time-consuming legal needs were related to the ████ Arbitration and the ████████ Arbitration.

32.    In the ████ Arbitration, Brown Rudnick zealously advocated for ████████ by conducting written discovery and producing documents, briefing and arguing numerous discovery disputes, conducting and defending depositions, briefing and arguing the arbitral equivalent of competing motions for summary judgment, and preparing for and conducting a live 5-day

arbitration hearing.  At all times, Brown Rudnick was opposed by an AM Law 50 law firm that dedicated vast and unprecedented resources to opposing ██████████ positions.

33.    As a result of Brown Rudnick's efforts, Arbitrator ██████ determined that ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████.

34.    Arbitrator ██████ further ruled that ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████.

35.    Simultaneously, Brown Rudnick represented ██████████ in hearings before ██████

██████ concerning ████████████████████████████████████████████, which

required parallel litigation on issues of arbitrability in the Southern District of New York.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████ On or about ████████████, Brown Rudnick attorneys

entered appearances before Judge ████████████ in the SDNY Action.  In litigating arbitrability

in the SDNY Action, Brown Rudnick, *inter alia*, conducted oral and written discovery, defended

against a motion for a preliminary injunction, which sought to stay the ██████████ Arbitration,

asserted a motion for preliminary injunction on behalf of ████████, and conducted an oral argument. At all times in the ████████ Arbitration and the SDNY Action, Brown Rudnick was opposed by multiple AM Law 50 law firms that dedicated vast and substantial resources to opposing ████████ positions.

36.    As a result of Brown Rudnick's efforts, Judge ████████ ruled that ████████ ████████████████████████████████████████████ ████████████████████████████████████████.

**D.    ████████ Praises Brown Rudnick's Work, But Falls Behind on Payments**

37.    Though ████████ lauded Brown Rudnick's work, he fell behind on paying his bills. By August 2024, ████████ owed $1.4 million to Brown Rudnick for unpaid legal bills.

38.    Brown Rudnick generously gave ████████ more time to pay. On August 27, 2024, the firm agreed that, as an accommodation to ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████.

39.    ████████ was eager to have Brown Rudnick continue to represent him. He wrote to the firm's management team that, "████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████."

**E.    ████████ Fails to Fulfill His Monthly Payment Obligations**

40.    ████████ was unable to keep up with his legal bills. ████████████████ ████████████████████████████████████.

41.    ████████ continued to be clear that he was very satisfied with Brown Rudnick's work. On September 19, 2024, he wrote, "████ ████████████████████."

42.     On December 19, 2024, ████████ wrote to Brown Rudnick's billing coordinator that ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ ."

43.     As described above, based on Brown Rudnick's efforts, on February 4, 2025, Arbitrator ██████ determined that ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

44.     In addition, as a result of Arbitrator ██████ award, ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████ .

45.     After multiple requests for the monthly payments, on January 29, 2025, Brown Rudnick informed ████████ that it would be forced to withdraw from its representations unless ████████ complied with his monthly payment obligations by January 31, 2025.

46.     As of January 29, 2025, ████████ owed Brown Rudnick $3,048,825.91 for its legal fees and expenses, excluding interest.

- ████████ owes $98,963.00 on the D.D.C. Action, spread out over four invoices (Nos. 6980091, 6981424, 6982894, and 6989689).

- ████████ owes $2,462,262.39 on the ██████ Arbitration, spread out over seven invoices (Nos. 6980092, 6981422, 6982895, 6984820, 6986105, 6987875, and 6989690).

- ████████ owes $487,600.52 on the ████████ Arbitration, spread out over six invoices (Nos. 6980093, 6981421, 6982904, 6984821, 6986106, and 6989691). Brown Rudnick is also entitled to 15% of any recovery that ████████ receives in the ████ Arbitration.

47.    On January 31, 2025, ███████ did not pay any of his outstanding bills.

48.    After further efforts with ███████ were unsuccessful, on February 19, 2025, Brown Rudnick withdrew from the Judge ██████ Arbitration and the ██████ Arbitration.    On ██████████████████ granted the Firm's withdrawal from the SDNY Action.[4]

**COUNT ONE**
**ACCOUNT STATED**
**(against Defendant ██████)**

49.    Brown Rudnick repeats and re-alleges paragraphs 1 through 48 as though fully set forth herein.

50.    Defendant ██████ accepted the terms of the D.D.C. Action Engagement Agreement, the ██████ Arbitration Engagement Agreement, and the ██████████ Arbitration Engagement Agreement (collectively, the "Engagement Agreements").

51.    Brown Rudnick presented ██████████ with invoice numbers 6980091, 6980092, 6980093, 6981421, 6981422, 6981424, 6982894, 6982895, 6982904, 6984820, 6984821, 6986105, 6986106, 6987875, 6989689, 6989690, and 6989691 (the "Delinquent Invoices") for payment within thirty days.

52.    To date, ██████████ has not communicated any objection or contested any of the Delinquent Invoices.

53.    By virtue of ██████████ failure to object to any of the Delinquent Invoices within a reasonable time, ██████████ has accepted each Delinquent Invoice as correct as a matter of the applicable District of Columbia law of account stated.

---

[4]    Brown Rudnick previously withdrew from the D.D.C. Action at ██████████ request when the members of Brown Rudnick's legal team in that action switched law firms.

54.     By entering into the Engagement Agreements, ███████ promised to pay each presented invoice within seven days.  In the Delinquent Invoices, Brown Rudnick agreed to give ███████ thirty days to pay each invoice.

55.     To date, ███████ has not fully paid Brown Rudnick for its legal services.

56.     As a result of Defendant ███████ breaches, Brown Rudnick has suffered damages in the amount of $3,048,825.91, not including interest.

<u>**COUNT TWO**</u>
<u>**BREACH OF CONTRACT**</u>
<u>**(against Defendant ███████ for breach of**</u>
<u>**the D.D.C. Action Engagement Agreement)**</u>

57.     Brown Rudnick repeats and re-alleges paragraphs 1 through 56 as though fully set forth herein.

58.     The parties, Defendant ███████ and Brown Rudnick, entered into the D.D.C. Action Engagement Agreement, which is a valid and enforceable agreement.

59.     Defendant ███████ has an obligation under the D.D.C. Action Engagement Agreement to pay Brown Rudnick for its fees and expenses associated with its representation of ███████ in the D.D.C. Action.

60.     Brown Rudnick has fully performed its obligations under the agreement.

61.     As set forth above, Defendant ███████ has breached the terms of the agreement by, *inter alia*, failing to fully pay Brown Rudnick's fees and expenses associated with its representation of Defendant ███████ in the D.D.C. Action.

62.     As a result of Defendant ███████ breaches, Brown Rudnick has suffered damages in the amount of $98,963.00, not including interest.

## COUNT THREE
## BREACH OF CONTRACT
**(against Defendant ▮▮▮▮ for breach of
the ▮▮▮ Arbitration Engagement Agreement)**

63.    Brown Rudnick repeats and re-alleges paragraphs 1 through 62 as though fully set forth herein.

64.    ▮▮▮▮ and Brown Rudnick entered into the ▮▮ Arbitration Engagement Agreement, which is a valid and enforceable agreement.

65.    ▮▮▮▮ has an obligation under the ▮▮ Arbitration Engagement Agreement to pay Brown Rudnick for its fees and expenses associated with its representation of ▮▮▮ in the ▮▮ Arbitration.

66.    Brown Rudnick has fully performed its obligations under the agreement.

67.    As set forth above, ▮▮▮ has breached the terms of the agreement by, *inter alia*, failing to fully pay Brown Rudnick's fees and expenses associated with its representation of ▮▮▮ in the ▮▮ Arbitration.

68.    As a result of ▮▮▮ breaches, Brown Rudnick has suffered damages in the amount of $2,462,262.39, not including interest.

69.    Pursuant to New York Judiciary Law Section 475 and/or the common law of the District of Columbia, Brown Rudnick is also entitled to a charging lien over ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮, sufficient to the amounts outstanding.

**COUNT FOUR**
**BREACH OF CONTRACT**
**(against Defendant ███████ for breach of**
**the ████████ Arbitration Engagement Agreement)**

70.     Brown Rudnick repeats and re-alleges paragraphs 1 through 69 as though fully set forth herein.

71.     ███████ and Brown Rudnick entered into the ████████ Arbitration Engagement Agreement, which is a valid and enforceable agreement.

72.     Brown Rudnick and ███████ agreed that ███████ would receive a ███ discount on Brown Rudnick's fees in the ███████ Arbitration.  In exchange, Brown Rudnick is entitled to ███ of any recovery by ███████ or ██████████ in the ████████ Arbitration.

73.     ███████ has an obligation under the ████████ Arbitration Engagement Agreement to pay Brown Rudnick for its fees (on a discounted basis) and expenses associated with its representation of ███████ in the ████████ Arbitration.

74.     Brown Rudnick has fully performed its obligations under the agreement.

75.     As set forth above, ███████ has breached the terms of agreement by, *inter alia*, failing to fully pay Brown Rudnick's fees (on a discounted basis) and expenses associated with its representation of ███████ in the ████████ Arbitration.

76.     As a result of ███████ breaches, Brown Rudnick has suffered damages in the amount of $487,600.52, not including interest.  Pursuant to New York Judiciary Law Section 475 and/or the common law of the District of Columbia, Brown Rudnick is also entitled to a charging lien of ███ on any recovery by ███████ or ██████████ in the ████████ Arbitration.

**COUNT FIVE**
**QUANTUM MERUIT**
**(against Defendant ███ in connection with**
**the D.D.C. Action Engagement Agreement)**

77.     Brown Rudnick repeats and re-alleges paragraphs 1 through 76 as fully set forth herein.

78.     Brown Rudnick represented Defendants in the D.D.C. Action, providing extensive services and incurring substantial fees and costs.  At all times, Defendant ███ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him.  Likewise, Defendant ███ was aware that Brown Rudnick expected to be paid by Defendant ███

79.     Defendant ███ failed to fully pay Brown Rudnick for its legal fees and expenses.

80.     The reasonable value of these uncompensated services and costs is in excess of $98,963.00, not including interest.

**COUNT SIX**
**QUANTUM MERUIT**
**(against Defendant ███ in connection with**
**the ███ Arbitration Engagement Agreement)**

81.     Brown Rudnick repeats and re-alleges paragraphs 1 through 80 as fully set forth herein.

82.     Brown Rudnick represented ███ in the ███ Arbitration, providing extensive services and incurring substantial fees and costs.  At all times, ███ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him.  Likewise, ███ was aware that Brown Rudnick expected to be paid by him.

83.     ███ failed to fully pay Brown Rudnick for its legal fees and expenses.

84.     The reasonable value of these uncompensated services and costs is in excess of $2,462,262.39, not including interest.

85.     Pursuant to New York Judiciary Law Section 475 and/or the common law of the District of Columbia, Brown Rudnick is also entitled to a charging lien over ████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████, sufficient to the amounts outstanding.

**COUNT SEVEN**
**QUANTUM MERUIT**
**(against Defendant ██████ in connection with**
**the ██████████ Arbitration Engagement Agreement)**

86.     Brown Rudnick repeats and re-alleges paragraphs 1 through 85 as fully set forth herein.

87.     Brown Rudnick represented ████████ in the ██████████ Arbitration and the parallel SDNY Action, providing extensive services and incurring substantial fees and costs.  At all times, ████████ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him.  Likewise, ████████ was aware that Brown Rudnick expected to be paid by him.

88.     ████████ failed to fully pay Brown Rudnick for its legal fees and expenses.

89.     The reasonable value of these uncompensated services and costs is in excess of $487,600.52, not including interest, plus a charging lien of ████ of any recovery that ████████ or ████████████ recovers in the ██████████ Arbitration.

**COUNT EIGHT**
**UNJUST ENRICHMENT**
**(against Defendant ██████ in connection with**
**the D.D.C. Action Engagement Agreement)**

90.     Brown Rudnick repeats and re-alleges paragraph 1 through 89 as though fully set forth herein.

91.    Brown Rudnick represented Defendants in the D.D.C. Action, providing extensive legal services and incurring substantial fees and costs.  At all times, Defendant ████ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him.  Likewise, Defendant ████ was aware that Brown Rudnick expected to be paid by him.

92.    At all times relevant to this matter, Defendant ████ owed a legal duty to not unfairly or unduly take advantage of Brown Rudnick or commit wrongful acts to unjustly enrich himself at Brown Rudnick's expense, or at the expense of Brown Rudnick's property or financial interest.

93.    ████████████████████████████████████████ ████████████████████████. Yet, Defendant ████ has failed to fully compensate Brown Rudnick for the benefit conferred upon him in the D.D.C. Action.

94.    Under the circumstances, Defendant ████ unjustly enriched himself by failing to fully compensate Brown Rudnick for the services it rendered and the costs it incurred in the D.D.C. Action.

95.    Such acts and omissions leading to Defendant ████ unjust enrichment were the actual and proximate cause of harm to Brown Rudnick.

96.    Defendant ████ is liable for unjust enrichment and should compensate Brown Rudnick for the $98,963.00 of unpaid fees and expenses it incurred on the D.D.C. Action.

## COUNT NINE
## UNJUST ENRICHMENT
### (against Defendant ████ in connection with the ████ Arbitration Engagement Agreement)

97.    Brown Rudnick repeats and re-alleges paragraph 1 through 96 as though fully set forth herein.

98.    Brown Rudnick represented ▮▮▮▮▮ in the ▮▮▮▮ Arbitration, providing extensive legal services and incurring substantial fees and costs.  At all times, ▮▮▮▮▮▮ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him. Likewise, ▮▮▮▮▮ was aware that Brown Rudnick expected to be paid by him.

99.    At all times relevant to this matter, ▮▮▮▮▮ owed a legal duty to not unfairly or unduly take advantage of Brown Rudnick or commit wrongful acts to unjustly enrich himself at Brown Rudnick's expense, or at the expense of Brown Rudnick's property or financial interest.

100.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Yet, ▮▮▮▮▮ has failed to fully compensate Brown Rudnick for the benefit conferred upon him in the ▮▮▮▮ Arbitration.

101.    Under the circumstances, ▮▮▮▮▮ unjustly enriched himself by failing to fully compensate Brown Rudnick for the services it rendered and the costs it incurred in the ▮▮▮ Arbitration.

102.    Such acts and omissions leading to ▮▮▮▮▮ unjust enrichment were the actual and proximate cause of harm to Brown Rudnick.

103.    ▮▮▮▮ is liable for unjust enrichment and should compensate Brown Rudnick for the $2,462,262.39 of unpaid fees and expenses it incurred on the ▮▮▮ Arbitration.

104.    Pursuant to New York Judiciary Law Section 475 and/or the common law of the District of Columbia, Brown Rudnick is also entitled to a charging lien over ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, sufficient to the amounts outstanding.

## COUNT TEN
## UNJUST ENRICHMENT
### (against Defendant ███████ in connection with
### the ████████ Arbitration Engagement Agreement)

105.    Brown Rudnick repeats and re-alleges paragraph 1 through 104 as though fully set forth herein.

106.    Brown Rudnick represented ████████ in the ████████ Arbitration and the parallel SDNY Action, providing extensive legal services and incurring substantial fees and costs. At all times, ████████ was aware of Brown Rudnick's activities, and the services Brown Rudnick was providing to him.  Likewise, ████████ was aware that Brown Rudnick expected to be paid by him.

107.    At all times relevant to this matter, ████████ owed a legal duty to not unfairly or unduly take advantage of Brown Rudnick or commit wrongful acts to unjustly enrich himself at Brown Rudnick's expense, or at the expense of Brown Rudnick's property or financial interest.

108.    ████████████████████████████████████████████████████████ ████████████████████████████████████████.  Yet, ████████ has failed to fully compensate Brown Rudnick for the benefit conferred upon him in the ████████ Arbitration and the parallel SDNY Action.

109.    Under the circumstances, ████████ unjustly enriched himself by failing to fully compensate Brown Rudnick for the services it rendered and the costs it incurred in the ███ ███ Arbitration.

110.    Such acts and omissions leading to ████████ unjust enrichment were the actual and proximate cause of harm to Brown Rudnick.

111.    ████████ is liable for unjust enrichment and should compensate Brown Rudnick for the $487,600.52 of unpaid fees and expenses it incurred on the ████████ Arbitration, plus

a charging lien on ████ of any recovery that ████████ or the ████ Shareholders recover in the

████████ Arbitration.

## COUNT ELEVEN
## PROMISSORY ESTOPPEL
### (against Defendant ████████ in connection with
### the D.D.C. Action Engagement Agreement)

112.    Brown Rudnick repeats and re-alleges paragraph 1 through 111 as though fully set

forth herein.

113.    Defendant ████████ represented to Brown Rudnick that he would pay its fees and

cover its costs on the D.D.C. Action.  Further, ████████ continually reaffirmed that Brown

Rudnick would be compensated for its work representing Defendants.

114.    These representations were a crucial factor in Brown Rudnick's decision to provide

Defendants valuable legal services in representing them in the D.D.C. Action and to advance costs

on their behalf.  The reasonable value of these uncompensated services and costs is in excess of

$98,963.00, not including interest.

115.    Through this detrimental reliance, Brown Rudnick has suffered injustice and has

been unfairly harmed.

## COUNT TWELVE
## PROMISSORY ESTOPPEL
### (against Defendant ████████ in connection with
### the ████████ Arbitration Engagement Agreement)

116.    Brown Rudnick repeats and re-alleges paragraph 1 through 115 as though fully set

forth herein.

117.    ████████ represented to Brown Rudnick that he would pay its fees and cover its

costs on the ████ Arbitration.  Further, he continually reaffirmed that Brown Rudnick would be

compensated for its work representing him.

118.     These representations were a crucial factor in Brown Rudnick's decision to provide ██████ valuable legal services in representing him in the ████ Arbitration and to advance costs on his behalf.  The reasonable value of these uncompensated services and costs is in excess of $2,462,262.39, not including interest.

119.     Through this detrimental reliance, Brown Rudnick has suffered injustice and has been unfairly harmed.

120.     Pursuant to New York Judiciary Law Section 475 and/or the common law of the District of Columbia, Brown Rudnick is also entitled to a charging lien over ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████, sufficient to the amounts outstanding.

**COUNT THIRTEEN**
**PROMISSORY ESTOPPEL**
**(against Defendant ██████ in connection with the**
**████████████ Arbitration Engagement Agreement)**

121.     Brown Rudnick repeats and re-alleges paragraph 1 through 120 as though fully set forth herein.

122.     ██████████ represented to Brown Rudnick that he would pay its fees and cover its costs on the ██████████ Arbitration and the parallel SDNY Action.  Further, he continually reaffirmed that Brown Rudnick would be compensated for its work representing him.

123.     These representations were a crucial factor in Brown Rudnick's decision to provide ██████ valuable legal services in representing him and █████████████████ in the ██████████ Arbitration and the parallel SDNY Action and to advance costs on his behalf. The reasonable value of these uncompensated services and costs is in excess of $487,600.52, not

including interest, plus a charging lien on ███ of any recovery that ██████ or ██████ ██████ recover in the ██████ Arbitration.

124.    Through this detrimental reliance, Brown Rudnick has suffered injustice and has been unfairly harmed.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Enter judgment for Plaintiff and against Defendant ████ in the amount of $3,048,825.91, or in an additional amount to be proven at trial;

B.    Order that Plaintiff is entitled to a charging lien over the ████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████, sufficient to the amounts outstanding;

C.    Order that Plaintiff is entitled to a charging lien over ███ of any recovery by Defendant ████ or the ███ Shareholders in the ██████ Arbitration;

D.    Pre and post judgment interest;

E.    Its reasonable attorney's fees;

F.    Costs and expenses; and

G.    Grant such other and further relief that the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by a jury.

Dated: March 21, 2025

Respectfully submitted,

*/s/ Daniel Healy*
Daniel Healy
D.C. Bar No. 475233
**BROWN RUDNICK LLP**
1900 N Street NW, Fourth Floor
Washington, D.C. 20036
Tel: (202) 440-1700
Fax: (202) 536-1701
dhealy@brownrudnick.com

-and-

Joel S. Miliband (*pro hac vice* to be submitted)
General Counsel
**BROWN RUDNICK LLP**
2211 Michelson Drive
Irvine, CA 92612
Tel: (949) 440-0227
Fax: (949) 252-1514
jmiliband@brownrudnick.com

-and-

Jonathan D. White (*pro hac vice* to be submitted)
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
jwhite@brownrudnick.com

*Attorneys for Plaintiff Brown Rudnick LLP*