UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROWN RUDNICK LLP,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant,<br><br>    and<br><br>JANE DOE,<br><br>    Nominal Defendant. | Civil Action No. 25-853 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brown Rudnick LLP has brought this suit against its former clients John and Jane Doe for approximately $3 million in legal fees. See ECF No. 1 (Compl.), ¶ 1. Despite working "tirelessly" for Defendants in three separate actions, id., ¶ 2, Plaintiff alleges that the Does were delinquent in their payments and eventually stopped paying altogether. Id., ¶¶ 4–5. Brown Rudnick now brings this action for account stated, breach of contract, quantum meruit, unjust enrichment, and promissory estoppel. Id. at 1. As D.C. Rule of Professional Conduct 1.6, which governs client confidences, suggests that "[i]f possible, the lawyer should prevent even the disclosure of the client's identity through the use of John Doe pleadings," D.C. Rule 1.6 cmt. 26, Plaintiff has moved to file the Complaint under partial seal and refer to Defendants pseudonymously. Appreciating the importance of client confidentially, the Court will largely

1

grant the Motions, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.     Legal Standard

Generally, a plaintiff filing a civil complaint must file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

>    (1) the need for public access to the documents at issue;
>    (2) the extent of previous public access to the documents;
>    (3) the fact that someone has objected to disclosure, and the identity of that person;
>    (4) the strength of any property and privacy interests asserted;
>    (5) the possibility of prejudice to those opposing disclosure; and
>    (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

Complaints must also generally identify the parties. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to

proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

The Court separately addresses sealing and pseudonymity.

### A.    Sealing

Plaintiff here does not seek to seal the entire suit; instead, it asks to seal only limited information that could be used to identify its clients. The Court holds that Brown Rudnick has met its burden to overcome the presumption in favor of public access to court records. It will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," weighs in favor of sealing. This suit does not have a "strong presumption of openness." Friedman v. Sebelius, 672

3

F. Supp. 2d 54, 58 (D.D.C. 2009) (suggesting that criminal litigation weighs in favor of disclosure). Nor is this a case involving the government. See Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)). Rather, this is a private action between a law firm and a former client with very low public interest. See ECF No. 3 (Mot.) at 5–6. Nondisclosure is thus favored here.

The second factor similarly counsels in favor of sealing. In assessing this factor, the Court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). In light of D.C. Rule 1.6, Plaintiff asserts that it "assiduously retains the confidentiality of its client communications, including those referenced in the Complaint." Mot at 6. The Court, therefore, believes that the public has never had access to the information hiding beneath current redactions. "The lack of previous public access to documents . . . goes to the appropriateness of sealing." See Nat'l Children's Ctr., Inc., 98 F.3d at 1409–10.

The third factor follows suit. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," further weighs in favor of sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). While the information to be sealed is not the standard "intimate details of individual lives, sexual or otherwise," Hubbard, 650 F.2d at 324, the identity of a particular client may implicate privacy interests. As D.C. Rule 1.6 advises counsel that "a lawyer shall not knowingly[] reveal a confidence or secret of the lawyer's client," D.C. Rule 1.6(a), the Court will recognize this as a "[v]alid privacy interest [that] might be asserted." Hubbard, 650 F.2d at 324.

4

The fifth factor tips the scales even further. "The possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 520 F. Supp. 3d 71, 85 (D.D.C. 2020) (quotation marks omitted). It is possible that divulging a client's identity could harm Brown Rudnick in future matters.

The sixth and final factor hinges on "the purposes for which the documents were introduced." Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is favored where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (alteration in original) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Where the seal merely covers limited details within documents — particularly identifying or highly sensitive personal information — that are not central to the court's resolution of substantive claims, however, this factor favors sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 69 (D.D.C. 2011)). Sealing confidential client information falls into the second bucket, and the sixth factor thus weighs in favor of sealing.

Finding that none of the Hubbard factors favors disclosure, the Court will grant Plaintiff's request to seal limited portions of the Complaint and associated documents.

B.    Pseudonymity

Brown Rudnick has also sufficiently demonstrated that its former client's privacy interests outweigh the public's presumptive interest in learning their identities.

5

First, as the Complaint makes clear, Plaintiff seeks to anonymize Defendants in order to comply with D.C. ethics rules. See D.C. Rule 1.6. Although the rules are not binding on this Court, it is clear that Brown Rudnick does not make this Motion "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). As the Rules suggest that, "[i]f possible, [it] should prevent even the disclosure of the client's identity through the use of John Doe pleadings," this demonstrates an implicit understanding that all information learned in the course of representation falls into this category. See D.C. Rule 1.6 cmt. 26. The first factor thus weighs in favor of pseudonymity.

Plaintiff concedes that the second and third factors tip the other way, as there is no risk of retaliatory harm and Does are not minors.

The fourth factor does not move the needle. Typically, a suit between private individuals cuts against pseudonymity. See Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014) ("This factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation."). Here, somewhat uniquely, Brown Rudnick asks the Court to anonymize Defendants "to protect its former clients to the greatest extent possible and comply with its ethical obligations." Mot. at 2. Under these rare circumstances, the Court finds this factor does not change the calculus.

The fifth and final factor lends further support to Plaintiff's Motion. No unfairness will attend the litigation as it moves forward, as both parties are already aware of each other's identities. See Mot. at 9; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

6

In sum, although the second and third factors weigh against granting the Motion and the fourth factor is neutral, the remaining two factors tip the balance in favor of permitting Plaintiff to pseudonymize Defendants at this stage.

### III.  Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Seal and Motion to Proceed Under Pseudonyms are GRANTED;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3. Plaintiff's [1] redacted Complaint shall remain on the public docket; and

4. Within five days of this Order, Plaintiff shall file on the public docket:

    a. An unredacted version of its Complaint, filed under seal; and

    b. A declaration containing Defendants' real names and residential addresses, filed under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 9, 2025